IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isiah Hill,<br><br>        Petitioner,<br><br>vs.<br><br>William White, et al.,<br><br>        Respondents. | No. CV-10-1339 PHX-PGR (LOA)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the Court on several motions filed by Petitioner requesting that the Court enter default or summary judgment against Respondents, grant Petitioner's Petition for Writ of Habeas Corpus, "dismiss" his conviction in the Arizona Superior Court, and grant Petitioner immediate release based on Respondents' failure to file an Answer to Petitioner's Petition for Writ of Habeas Corpus. (Docs. 21, 22, 24) Petitioner seeks expedited consideration of his motions. (Doc. 23)

      On June 25, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Petitioner challenges his December 13, 2007 conviction in the Arizona Superior Court, Maricopa County case # CR 2006-009614-001DT, for two counts of conspiracy to illegally control an enterprise and one count each of conspiracy to commit burglary, use of an electronic communication in a drug-related transaction, kidnapping, illegal control of an enterprise, attempted child prostitution, and pandering. Petitioner presents five grounds for relief. (Doc. 1) On September 1, 2010, the Court granted Petitioner *in forma pauperis* status and ordered Respondents to file an answer to the Petition within 40 days of the date of service.

(Doc. 9) Service was executed on Respondents on September 2, 2010. (Doc. 10) Therefore, Respondents' Answer was due on or about October 13, 2010.

Respondents filed a timely motion for extension of time requesting until November 24, 2010 to file an Answer to the Petition. (Doc. 20) The Court recently granted Respondents' motion, thus, the Answer is not due until November 24, 2010. Because Respondents' Answer is not yet due, Petitioner's request for entry of default, summary judgment or other relief based on Respondents' failure to file an Answer lacks merit.

Moreover, federal courts do not favor the use of default judgment to grant habeas relief without reaching the merits of the claims. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). As the Seventh Circuit has noted, a default judgment is a sanction and "a sanction should be proportionate to the wrong." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994). "Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgments are disfavored in habeas corpus cases." *Id. See also Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). Nevertheless, it is within the district court's discretion to enter default judgment for petitioner if the government's failure to respond creates excessive delay in the proceedings. *Ruiz v. Cady*, 660 F.2d 337, 341 (7th Cir.1981). Because Respondents' response is not yet due, there has been no delay in this matter as a result of Respondents' failure to answer.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Motion for Summary Judgment, Motion for Dismissal/Expedited Release, Motion to Expedite, and Motion for Default Judgment, docs. 21, 22, 23, and 24, respectively, be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file

1  specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
2  Federal Rules of Civil Procedure.  Thereafter, the parties have seven days within which to file
3  a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report
4  and Recommendation may result in the acceptance of the Report and Recommendation by the
5  District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
6  (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate
7  Judge will be considered a waiver of a party's right to appellate review of the findings of fact in
8  an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
9  Federal Rules of Civil Procedure.

DATED this 25th day of October, 2010.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge