1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9    Isiah Romont Hill,                    )      No. CV-10-1339-PHX-PGR (LOA)
                                           )
10              Petitioner,                )      **REPORT AND RECOMMENDATION**
                                           )
11   vs.                                   )
                                           )
12   William White, et al.,                )
                                           )
13              Respondents.               )
                                           )
14   _____ )

15            This matter is before the Court on Petitioner's Petition for Writ of Habeas

16   Corpus pursuant to 28 U.S.C. § 2254.  (Docs. 1, 7)  Respondents have filed an Answer, doc.

17   30, to which Petitioner has replied, doc. 32.  Petitioner has also filed several other motions

18   seeking default judgment and summary judgment.  (Docs. 33-35, 37-39, 41)  For the reasons

19   set forth below, the Court recommends that the Petition and related motions be denied.

20   **I. Background**

21            **A.  Charges, Plea and Sentencing**

22            On October 6, 2006, Petitioner was indicted in the Arizona Superior Court,

23   Maricopa County on over 80 counts of various criminal offenses pertaining to a prostitution

24   enterprise: Conspiracy, a class 3 felony (Counts 1, 81); Illegal control of an enterprise, a

25   class 2 felony (Counts 3-4); Illegal control of an enterprise, a class 3 felony (Counts 2-8);

26   Attempted illegal control of an enterprise, a class 3 felony (Counts 5-6); Operating or

27   maintaining a house of prostitution, a class 5 felony (Count 9); Attempted pandering, a class

28   6 felony (Counts, 11, 52); Kidnapping, a class 2 felony (Count 12); Sexual Assault, a class 2

felony (Count 13); Attempted child prostitution, a class 3 felony (Counts 14, 35, 51, 80);

Sexual abuse, a class 3 felony and dangerous crime against children (Count 15); Use of wire

communication for electronic communication in drug related transactions, a class 4 felony

(Counts 18-23, 26, 29-30, 33, 36-39, 41-50, 53-74, 76, 79); Child prostitution, a class 2

felony (Count 24); Threatening or intimidating, a class 4 felony (Counts 27-28);

Transporting persons for purposes of prostitution, a class 5 felony (Count 34); Pandering, a

class 5 felony (Count 75); Operating/maintaining a house of prostitution, a class 1

misdemeanor (Count 77).  (Respondents' Exh. B)  All of the offenses were alleged to have

occurred between November 15, 2004 and October 6, 2006.  (*Id.*)

On November 27, 2006, the State amended the indictment to allege Petitioner's

prior felony convictions for aggravated assault-serious physical injury, a class 6 felony;

conspiracy to commit transportation and/or sell narcotic drugs, a class 2 felony; and

aggravated assault-serious physical injury, a class 3 felony.  (Respondents' Exh. C)

On February 17, 2007, Petitioner's counsel, Christopher Winchell, moved to

suppress evidence obtained by wiretaps.  (Respondents' Exhs. O, P, Q, R, S, T)  After

hearing argument on the suppression issue, the court[1] denied the motion to suppress the

wiretap evidence.  (Respondents' Exh. U)

On May 2, 2007, defense counsel filed a motion for a competency evaluation

pursuant to Ariz.R.Crim.P. 11.  (Respondents' Exh. V)   After a Rule 11 evaluation, the

court[2] found Petitioner criminally incompetent pursuant to A.R.S. § 13-4510, and ordered

him committed to the Maricopa County Correctional Health Services Restoration Program

for treatment to restore competency.  (Respondents' Exh. W)   On August 9, 2007, the

Honorable Barbara Spencer found that Petitioner had been restored to competency and

transferred the matter back to Judge O'Toole for further proceedings.  (Respondents' Exh.

X)

---

[1]  The Honorable Thomas O'Toole presided.

[2]  The Honorable Michael D. Hintze presided for Barbara Spencer.

On November 9, 2007, Petitioner entered a plea of guilty, pursuant to a written plea agreement, to the following offenses: two counts of conspiracy to illegally control an enterprise, a class 2 felony with one prior felony conviction (Counts 3, 4); one count of unlawful use of a wire or electronic communication, a class 4 felony with one prior felony conviction (Count 67), one count of conspiracy to commit burglary, a class 3 felony with one prior felony conviction (Count 81); one count of kidnapping, a class 2 felony (Count 12); one count of illegal control of an enterprise, a class 3 felony (Count 2); one count of attempted child prostitution, a class 3 felony (Count 35), and one count of pandering, a class 5 felony (Count 75).  (Respondents' Exhs. D, E, Y)   In exchange for Petitioner's guilty pleas, the State dismissed Counts 1, 5, 6, 9, 11, 13, 14, 15, 19-30, 33, 34, 36-39, 41-66, 68-74, 76, 77, 79, 80.  (Respondents' Exh. D)  As part of the plea agreement, the parties agreed that Petitioner would be sentenced to the Arizona Department of Corrections for concurrent terms between 14 and 16 years on Counts 3, 4, 67 and 81.  The parties also agreed that on Counts 2, 12, 35, and 75, Petitioner would be placed on concurrent terms of supervised probation to begin upon his physical release from prison.  (Respondents' Exhs. D, E)

On December 13, 2007, the Honorable Thomas O'Toole sentenced Petitioner to aggravated terms of 16 years' imprisonment on Counts 3, 4 and 81; and 6 years' imprisonment on Count 67, to run concurrently.  On Counts 2, 12, 35, and 75, the court ordered Petitioner to serve five years of supervised probation, to run concurrently upon his physical release from the Arizona Department of Corrections.  (Respondents' Exh. F)   The sentences were consistent with the terms of the plea agreement.  (Respondents' Exhs. D, E, Y)

**B.  Post-Conviction Proceedings**

On October 16, 2008, Petitioner filed a *pro se* Petition for Post-Conviction Relief, asserting the following claims:

> 1.  Law enforcement, without evidence or court authorization, placed a pen trap/trace on Petitioner's phone, and later used that illegally obtained information to establish probable cause to obtain a court-ordered wiretap for Petitioner's phone.

2.  Trial counsel was ineffective for failing to adequately challenge "any search warrant applications," and counsel's ineffective assistance resulted in Petitioner's unknowing, unintelligent guilty plea.

3.  Prosecutorial misconduct and vindictive prosecution arising of the prosecutor's knowledge that police had conducted illegal electronic surveillance of Petitioner's phone, and that the subsequent application for a wiretap was based on illegal surveillance.

4.  Inadequate pre-trial discovery that did not pertain to trap/trace order or information related to the "pen trap/trace application/warrant for DNA/ arrest warrants or warrant for GPS systems."

5.  Affidavit in support of search warrant was defective "on its face/and incomplete," and included "stale information."

6.  Petitioner was denied any *Brady* discovery.

7.  Petitioner was denied the right to be sentenced based on accurate information.

(Respondents' Exh. G)[3]

After the motion was fully briefed, on January 12, 2009, the trial court[4] dismissed the petition for post-conviction relief finding that:

In his colloquy, at his change of plea, [Petitioner] advised Judge O'Toole that he read and understood his plea agreement.  Paragraph 6 of the plea agreement states that [Petitioner] "waives and gives up any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter[."] Thus, [Petitioner] knowingly, intelligently, and voluntarily waived all but his ineffective assistance of counsel claim.

[Petitioner's] ineffective assistance of counsel clam stems from his trial counsel's losing a wiretap suppression motion.  Such a claim meets neither prong of *Strickland*.

In his reply, [Petitioner] argues that he was not competent to plead guilty. In fact, [Petitioner] had been found competent.  Moreover, after a lengthy change of plea colloquy, Judge O'Toole found that [Petitioner's] plea was knowingly and intelligently made.

---

[3]  Before pursuing post-conviction relief in the Maricopa Superior Court, Petitioner filed a petition for writ of habeas corpus in the Pinal County Superior Court.  (Doc. 1 at 32) The Pinal County court denied the petition and transferred the matter to Maricopa County to be treated as a motion for post-conviction relief.  (Doc. 1 at 33) Petitioner appealed the denial of his state petition for writ of habeas corpus to the Arizona Court of Appeals, Division Two.  On February 10, 2010, the appellate court denied relief.  (Doc. 1 at 32-36)

[4]  The Honorable Warren J. Granville.

- 4 -

1   (Respondents' Exh. J)

2          On February 6, 2009, Petitioner filed a petition for review in the Arizona Court

3   of Appeals which omitted his claim that he was denied the right to be sentenced based on

4   accurate information, but otherwise raised the same claims he had asserted in his petition for

5   post-conviction relief.  (Respondents' Exh. K)   After the matter was fully briefed, on March

6   11, 2010, the Court of Appeals summarily denied review.  (Respondents' Exhs. L, M, N)

7   Thereafter, the Arizona Supreme Court denied review in June 2010.  (Doc. 1 at 5)

8          **C.  Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254**

9          Thereafter, on June 25, 2010, Petitioner filed the pending Petition for Writ of

10  Habeas Corpus asserting the following five grounds for relief:[5]

11          **Ground One:** Prosecutorial misconduct/vindictive prosecution because the
            prosecution obtained a grand jury indictment on the basis of evidence that
12          was obtained by illegal electronic surveillance. Thus, the grand jury
            indictment is void and, therefore, all actions of the trial court are invalid.
13

            **Ground Two:** Petitioner was, and is, mentally incompetent.  The doctor's
14          report finding that he had been restored to competency illegally placed
            Petitioner "back in the criminal court."
15

            **Ground Three:** Petitioner "was never advised [of] his constitutional rights
16          he had [and] would forego by entering a plea bargain."  Petitioner "was
            never advised he had the right not to plead guilty/the right to go to trial/
17          and he would be waiving all defenses/motions/objections/*Blakely* . . . ."

18          **Ground Four:** The Arizona Court of Appeals found the facts and grounds
            "cognizable" and referred to "the offenses as alleged offenses because they
19          had been predicated on illegal [wire] taps and render[ed] void his conviction
            and sentence."  Petitioner further alleges the "Court of Appeals ordered the
20          [Attorney] General to chall[en]ge these facts.  The [Attorney General's]
            Office refused to [involve] itself with this: State agree[]d/co[n]ceded:
21          prosecutor misconduct, vindictive prosecution" and therefore the "State has
            precluded itself and waived chall[en]ge to Petitioner (release)/facts."
22

            **Ground Five:** Trial counsel was ineffective which resulted in an "involuntary/
23          unintelligent plea of guilty" where the conviction was based on illegally
            obtained evidence.
24

25  (Docs. 1, 7)

    _____

26      [5]  The Petition, filed June 25, 2010, included four grounds for relief.  (Doc. 1) On July 19,
27  2010, Petitioner filed a Motion to Amend/Correct Complaint to add Ground Five.  (Doc. 7) On
    September 1, 2010, the Court granted Petitioner's motion and deemed that Ground Five asserted
28  in docket 7 be Ground Five of the Petition.  (Doc. 9 at 2, 4-5)

                                        - 5 -

1   Respondents concede that the Petition is timely filed in accordance with 28

2   U.S.C. § 2244(d).  (Doc. 30 at 11)  Respondents argue that the Petition should be dismissed

3   because Petitioner's claims are either procedurally defaulted and barred from habeas corpus

4   review or lack merit.  (Doc. 30)  Petitioner opposes Respondents' assertion.  (Doc. 32)

5   **II.  Exhaustion and Procedural Bar**

6   The District Court may only grant federal habeas relief on the merits of a claim

7   which has been exhausted in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842,

8   (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  To properly exhaust a federal

9   habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of

10  the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally

11  correct manner. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Palmateer*,

12  395 F.3d 1108, 1110 (9th Cir. 2005).

13  The Ninth Circuit Court of Appeals has concluded that, in cases arising in

14  Arizona in which the sentence imposed is not a capital sentence, the "highest court"

15  requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of

16  Appeals, either on direct appeal or on post-conviction review. *See Swoopes v. Sublett*, 196

17  F.3d 1008, 1010 (9th Cir. 1999). *See also Paige v. Schriro*, 648 F.Supp.2d 1151, 1168-69

18  (D.Ariz. 2009); *Crowell v. Knowles*, 483 F.Supp.2d 925, 932 (D.Ariz. 2007).

19  A federal habeas petitioner has not exhausted a federal habeas claim if he still

20  has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. §

21  2254(c).  Because the exhaustion requirement refers only to remedies still available when a

22  petitioner files a petition for federal habeas corpus relief, it is satisfied if the petitioner is

23  procedurally barred from pursuing his or her claim in the state courts. *See Woodford v. Ngo*,

24  548 U.S. 81 (2006); *Castille*, 489 U.S. at 351.  If the habeas petitioner's claim is

25  procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's

26  "procedural default" of the claim. *See Woodford*, 548 U.S. 81.

27

28

1   The Ninth Circuit recognizes two types of procedural bar: express and implied.
2   An express procedural bar occurs when the petitioner has presented his claim to the state
3   courts and the state courts have relied on a state procedural rule to deny or dismiss the claim.
4   An implied procedural bar, on the other hand, occurs when the petitioner has failed to fairly
5   present his claims to the highest state court and would now be barred by a state procedural
6   rule from doing so. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).

7   Where a petitioner's claims are procedural defaulted, habeas corpus review is
8   barred unless the petitioner demonstrates cause for the default and prejudice resulting
9   therefrom or that a failure to consider the defaulted claims will result in a fundamental
10   miscarriage of justice. *Stewart v. Smith*, 536 U.S. 856, 860 (2002).

11   **II. Analysis**

12   **A. Ground One**

13   In Ground One, Petitioner asserts a claim of prosecutorial misconduct/vindictive
14   prosecution based on the State's reliance on illegal wiretap evidence to obtain an indictment.
15   He claims that, because the wiretap evidence was obtained illegally, the indictment which
16   was based on that evidence was void and, in turn, any actions of the trial court were also
17   void.   Citing the language of Arizona Rule of Criminal Procedure 32.2, 32.4, and 32.0,
18   Respondents assert that Petitioner's claims asserted in Ground One are procedurally
19   defaulted because those claims were "waived at trial, on appeal, or in any previous collateral
20   proceeding."   (Doc. 30 at 19)  To exhaust a claim, a petitioner must describe both the
21   operative facts and the federal legal theory so that the state courts have a "fair opportunity"
22   to apply controlling legal principles to the facts bearing upon his constitutional claim. *Kelly*
23   *v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  In cases not carrying the death penalty,
24   claims are exhausted once the Arizona Court of Appeals has ruled on them. *See Swoopes v.*
25   *Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999).  Respondents Answer does not fully explain
26   their procedural bar argument, but merely cites Arizona law related to post-conviction
27   proceedings and some general principles regarding exhaustion.  (Doc. 30 at 19)  Moreover,
28   Respondents do not properly apply these principles to the circumstances of this case.

1   Significantly, Respondents do not mention, in their discussion of Ground One, that
2   Petitioner presented the claims asserted in Ground One to the trial court and appellate court
3   on post-conviction review, which is sufficient to fairly present a claim for purposes of
4   exhaustion.  Respondents argue in the alternative that Petitioner is precluded from raising his
5   claims asserted in Ground One pursuant to *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).
6   The Court finds the Respondents' alternate argument well taken. Accordingly, the Court
7   does not reach the issue of procedural bar.

8           The record reflects that Petitioner presented the claims asserted in Ground One to
9   the trial court on post-conviction review.  (Respondents' Exh. G)  Petitioner presented
10  "Claim Three" entitled "prosecutor misconduct/vindictive prosecution/malicious
11  prosecution."  (Respondents' Exh. G at 5)  Although the title of Petitioner's claim three
12  referred to vindictive prosecution, the argument pertaining to Claim Three challenged the
13  authority of police to conduct electronic surveillance of his telephone.  (Respondents' Exh.
14  G at 5)  Petitioner argued that the application presented to Judge Keppel was a "fraud."
15  (Respondents' Exh. G at 5-6)  Petitioner further argued that the "County Atty (sic) Office"
16  was aware the application for the wiretaps did not comply with Arizona law.  (*Id*. at 6)
17  Petitioner did not include any other arguments pertaining to his claim of vindictive
18  prosecution.

19          The trial court[6] found that, with the exception of a claim of ineffective assistance
20  of counsel, Petitioner waived all of the claims asserted in his petition for post-conviction
21  relief pursuant to his plea agreement which provided that defendant "waives and gives up
22  any and all motions, defenses, objections, or requests which he has made or raised, or could
23  assert hereafter."  (Respondents' Exh. J)  The post-conviction court did not specifically
24  address each claim.  The Arizona Court of Appeals summarily denied review.
25  (Respondents' Exhs. K, N)  Petitioner has not shown that the State court's determination
26
27  ─────────────────────
28      [6] The Honorable Warren J. Granville presided.

1    was contrary to, or involved an unreasonable application of, federal law.  Accordingly, he is

2    not entitled to habeas corpus relief on Ground One.

3           Aside from a challenge to the voluntary and intelligent character of the plea

4    itself, the entry of a guilty plea on advice of counsel generally forecloses all collateral

5    attacks with the exception of jurisdictional claims. *Tollett*, 411 U.S. at 266-67 (1973)

6    ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of

7    the offense with which he is charged, he may not thereafter raise independent claims relating

8    to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.");

9    *see also Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (stating that a guilty plea forecloses

10   consideration of pre-plea constitutional deprivations); *Moran v. Godinez*, 57 F.3d 690, 700

11   (9th Cir.1994) (as amended) (foreclosing pre-plea ineffective assistance of counsel claim);

12   *Mitchell v. Superior Court*, 632 F.2d 767, 769 (9th Cir. 1980) (stating that "as a general rule,

13   one who has voluntarily and intelligently pled guilty to a criminal charge may not

14   subsequently seek federal habeas relief on the basis of pre-plea constitutional violations.").

15          Pre-plea error is "jurisdictional," when it implicates the government's power to

16   prosecute the defendant. *United States v. Johnston*, 199 F.3d 1015, 1019 n. 3 (9th Cir. 1999);

17   *see also United States v. Broce*, 488 U.S. 563, 574-76 (1989).  For example, *Tollett* does not

18   foreclose a claim that: a defendant was vindictively prosecuted, *Blackledge v. Perry*, 417

19   U.S. 21, 30-31; the indictment under which a defendant pled guilty placed him in double

20   jeopardy, *Menna v. New York*, 432 U.S. 61, 62 (1975) (*per curiam*); or the statute under

21   which the defendant was indicted is unconstitutional or unconstitutionally vague on its face,

22   *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1006 (9th Cir. 2000).

23          Here, in Ground One, Petitioner contends the prosecutor engaged in misconduct/

24   vindictive prosecution by presenting to the grand jury wiretap evidence that was obtained in

25   violation of the Fourth Amendment.  He further argues that this conduct rendered the grand

26   jury proceeding void and deprived the court of jurisdiction.  The post-conviction court found

27   that Petitioner's claims of prosecutorial misconduct/vindictive prosecution were waived

28   pursuant to his plea agreement which specifically provided that Petitioner "waives and gives

1   up any and all motions, defenses, objections, or requests which he has made or raised, or

2   could assert hereafter."  (Respondents' Exh. J)   The State court's decision is not contrary to,

3   or an unreasonable application of, federal law. 28 U.S.C. § 2254(d).  Review of the petition

4   for post-conviction relief reveals that, although Petitioner used the terms "prosecutor

5   misconduct/vindictive prosecution/malicious prosecution," the core of his argument was that

6   the electronic surveillance and wiretaps were obtained in violation of the Fourth

7   Amendment.  (Respondents' Exh. G at 5-6).  The Supreme Court has held that, for purposes

8   of federal habeas corpus review, alleged Fourth Amendment violations do not affect the

9   validity of the guilty plea or conviction.  *Haring v. Prosise*, 462 U.S. 306, 321 (1983)

10  ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity

11  of that conviction cannot be affected by an alleged Fourth Amendment violation because the

12  conviction does not rest in any way on the evidence that may have been improperly

13  seized.").  Accordingly, habeas corpus claims based on Fourth Amendment violations are

14  barred under *Tollett* by virtue of the petitioner's guilty plea. *See, e.g., Ortberg v. Moody*, 961

15  F.2d 135, 136-38 (9th Cir.  1992) (guilty plea barred habeas consideration of claims

16  alleging, among other things, an unlawful search).  Here, Petitioner's claim of prosecutorial

17  misconduct/vindictive prosecution, was based on his assertion that the wiretap evidence was

18  obtained in violation of the Fourth Amendment.  Indeed, Petitioner merely used the term

19  vindictive prosecution, but then discussed the propriety of the application for the wiretaps.

20  In view of Petitioner's emphasis on the legality of the wiretaps, which amount to a Fourth

21  Amendment claim, the State court's determination that Petitioner's claim was waived by the

22  plea agreement is not an unreasonable application of federal law.

23          Moreover, Petitioner's claim of vindictive prosecution/prosecutorial misconduct

24  lacks merit.  The government has broad discretion to initiate, conduct or delay criminal

25  prosecutions. *See, e.g., Wayte v. United States*, 470 U.S. 598, 607 (1985); *Bordenkircher v.*

26  *Hayes,* 434 U.S. 357, 364 (1978); *United States v. Moran*, 759 F.2d 777, 783 (9th Cir.

27  1985). Federal courts may review a prosecutor's exercise of discretion, however, and grant

28  relief if the decision was based on an unconstitutional motive. *See Wade v. United States*,

504 U.S. 181, 184-86 (1992); *United States v. Goodwin*, 457 U.S. 368, 372 (1982); *Bordenkircher*, 434 U.S. at 363.  Vindictive prosecution occurs when a prosecutor 'brings additional charges solely to punish the defendant for exercising a constitutional or statutory right,' such as a criminal defendant's right to a jury trial." *United States v. Doran*, 182 F.3d 1077, 1082 (9th Cir.1999) (quoting *United States v. Noushfar*, 78 F.3d 1442, 1446 (9th Cir. 1996)).

"To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir.1995) (internal quotation marks and citation omitted); *see Goodwin*, 457 U.S. at 380 n. 12 (suggesting that "a defendant might prove through objective evidence an improper prosecutorial motive" in order to establish a prosecutorial vindictiveness claim); *Blackledge v. Perry*, 417 U.S. 21, 27-29 (1974) (holding that vindictiveness could be presumed where prosecutors brought additional charges after a defendant appealed his conviction). If the defendant provides "[e]vidence indicating a realistic or reasonable likelihood of vindictiveness" this "give[s] rise to a presumption of vindictiveness on the government's part." *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir.1993) (citation omitted); *see Blackledge*, 417 U.S. at 27.  To obtain relief based on the presumption, a petitioner must present something more than generalized allegations about the prosecutor's improper motive. *See Wade*, 504 U.S. at 186; *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir.1982).

The burden then shifts to the prosecution to show that "'independent reasons or intervening circumstances dispel the appearance of vindictiveness and justify its decisions.'" *Montoya*, 45 F.3d at 1299 (quoting *United States v. Hooton*, 662 F.2d 628, 633 (9th Cir.1981)); *see Goodwin*, 457 U.S. at 374, 102 S.Ct. 2485 (suggesting that a presumption of vindictiveness "may be overcome only by objective information in the record justifying" an official's conduct).

The Supreme Court has noted that courts should rarely apply a presumption of vindictiveness to a prosecutor's pretrial decisions because a "prosecutor should remain free

1   before trial to exercise [that] broad discretion entrusted to him to determine the extent of the

2   societal interest in prosecution." *Goodwin*, 457 U.S. at 382.  Additionally, "[o]rdinarily,

3   [courts] presume that public officials have properly discharged their official duties." *Banks*

4   *v. Dretke*, 540 U.S. 668, 696 (2004) (citations omitted).  As such, where a defendant

5   contends that a prosecutor made a charging decision in violation of the Constitution, the

6   defendant's "standard [of proof] is a demanding one." *United States v. Armstrong*, 517 U.S.

7   456, 463 (1996).

8        Petitioner has provided no evidence of actual vindictiveness, or facts that create

9   the appearance of vindictiveness. Moreover, Petitioner fails to identify either a constitutional

10  or statutory right, the exercise of which motivated the prosecutor to prosecute him.

11  Accordingly, Petitioner's claim of vindictive prosecution lacks merit.

12       Petitioner's claim of prosecutorial misconduct/vindictive prosecution is based on

13  allegedly illegal electronic surveillance of Petitioner's phone upon which law enforcement

14  relied to obtain a wiretap, and upon which the prosecutor relied to obtain an indictment.

15  During the underlying criminal proceedings, Petitioner raised a Fourth Amendment

16  challenge to the wiretap evidence which was denied after briefing and oral argument.  The

17  pending habeas corpus proceeding is not an appropriate vehicle for Petitioner to relitigate

18  the Fourth Amendment issue.

19       When the state provides an opportunity for full and fair litigation of a Fourth

20  Amendment claim at trial and on direct review, the federal court will not grant habeas

21  corpus relief on the ground that evidence obtained through unconstitutional search or seizure

22  was introduced at his trial.  *Stone v. Powell*, 428 U.S. 465, 494 (1976), *r'hrg  denied*, 429

23  U.S. 874; *Mitchell v. Goldsmith*, 878 F.2d 319, 323 (9th Cir. 1989); *Caldwell v. Cupp*, 781

24  F.2d 714, 715 (9th Cir. 1986).  *Stone* only requires the initial opportunity for a full and fair

25  hearing.  *Caldwell*, 781 F.2d at 715.  "Such an opportunity for a fair hearing forecloses this

26  court's inquiry, upon habeas corpus petition, into the trial court's subsequent course of

27  action."  *Caldwell*, 781 F.2d at 715.

28       The record reflects that the State provided an opportunity for full and fair

1  litigation of Petitioner's claim that the wiretaps violated the Fourth Amendment.

2  Petitioner's counsel moved to suppress the evidence and was granted leave to amend that

3  motion to include additional information.  (Respondents' Exhs. O, P, T, U)  After the motion

4  was fully briefed, the trial court[7] conducted a suppression hearing at which it considered oral

5  argument.  (Respondents' Exh. U) At the conclusion of the hearing, the court denied the

6  motion.  (Respondents' Exh. U)

7          Petitioner also had a full and fair opportunity to litigate the issue on post-

8  conviction review.  Because Petitioner had the opportunity to litigate his Fourth Amendment

9  claim, that claim is not cognizable on habeas corpus review.  *See Ortiz-Sandoval v. Gomez*,

10  81 F.3d 891, 899 (9th Cir. 1996).

11          As set forth above, Petitioner is not entitled to habeas corpus relief on his claims

12  asserted in Ground One.

13                    **B.  Grounds Two and Three**

14          In Ground Two, Petitioner alleges that he was, and is mentally, incompetent and

15  that the doctor's report finding him restored to competency illegally placed him back in

16  criminal court.  (Doc. 1 at 7)   In Ground Three, Petitioner argues that he was never advised

17  of his constitutional rights and the rights he would forego by entering a guilty plea.  He

18  further alleges he was not advised that, by entering a guilty plea, he would waive all

19  "defenses, motions, objections."  (Doc. 1 at 8, 27)

20          As Respondents argue, Petitioner's claims asserted in Ground Two and Three are

21  procedurally barred.  The District Court may only grant federal habeas relief on the merits of

22  a claim which has been exhausted in the state courts. *See O'Sullivan*, 526 U.S. at 842;

23  *Coleman*, 501 U.S. at 729.  To properly exhaust a federal habeas claim, the petitioner must

24  afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the

25  claim to the state's "highest" court in a procedurally correct manner. *See, e.g., Castille*, 489

26  at 351; *Rose*, 395 F.3d at 1110.  The Ninth Circuit Court of Appeals has concluded that, in

27  _____

28          [7] The Honorable Thomas O'Toole.

- 13 -

1  cases arising in Arizona in which the sentence imposed is not a capital sentence, the "highest

2  court" requirement is satisfied if the habeas petitioner presented his claim to the Arizona

3  Court of Appeals, either on direct appeal or on post-conviction review. *See Swoopes*, 196 at

4  1010. *See also Paige v. Schriro*, 648 F.Supp.2d 1151, 1168-69 (D.Ariz. 2009); *Crowell v.*

5  *Knowles*, 483 F.Supp.2d 925, 932 (D.Ariz. 2007).

6          In this case, the record reflects that Petitioner did not present his claims asserted

7  in Grounds Two and Three on post-conviction review.  (doc. 30 at 20; Respondents' Exhs.

8  G, J)   Petitioner's claims raised in Grounds Two and Three are technically exhausted and

9  procedurally barred, because a return to state court to present those claims would be futile as

10  they are procedurally barred under Arizona law.  Petitioner is time-barred from raising these

11  claims in a successive petition for post-conviction relief because the time for filing a notice

12  of post-conviction relief has long expired.  *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for

13  post-conviction relief must be filed "within ninety days after the entry of judgment and

14  sentence or within thirty days after the issuance of the order and mandate in the direct

15  appeal, whichever is later.").  Additionally, under Rule 32.2(a) of the Arizona Rules of

16  Criminal Procedure, a defendant is precluded from raising claims that could have been

17  raised on direct appeal or in any previous collateral proceeding.  *See State v. Curtis,* 185

18  Ariz. 112, 113, 912 P.2d 1341, 1342 (Ariz. Ct. App. 1995) ("Defendants are precluded from

19  seeking post-conviction relief on grounds that were adjudicated, or could have been raised

20  and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v.*

21  *Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (Ariz. Ct. App. 1994) (defendant's claim

22  that his sentence had been improperly enhanced by prior conviction was precluded by

23  defendant's failure to raise issue on appeal).

24          Because Grounds Two and Three are procedurally defaulted, federal habeas

25  corpus review of those claim is barred absent a showing of "cause and prejudice" or a

26  "fundamental miscarriage of justice."  To establish "cause,"a petitioner must establish that

27  some objective factor external to the defense impeded his efforts to comply with the state's

28  procedural rules.  *Murray v. Carrier,* 477 U.S. 478, 488-492 (1986).  The following

1   objective factors may constitute cause: (1) interference by state officials, (2) a showing that

2   the factual or legal basis for a claim was not reasonably available, or (3) constitutionally

3   ineffective assistance of counsel.  *Id.*   Prejudice is actual harm that results from the

4   constitutional violation or error.  *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984).

5   Where petitioner fails to establish cause for his procedural default, the court need not

6   consider whether petitioner has shown actual prejudice resulting from the alleged

7   constitutional violations.  *Smith v. Murray,* 477 U.S. 527, 533 (1986).

8          Petitioner offers no arguments to overcome the procedural bar.  (Doc. 32)

9   Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his

10  failure to fairly present his claims to the Arizona  courts.  *Hughes v. Idaho State Board of*

11  *Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's

12  lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v.*

13  *Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments

14  concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

15         Additionally, Petitioner has failed to show that failure to consider the defaulted

16  claims will result in a fundamental miscarriage of justice.  A federal court will only review a

17  procedurally defaulted habeas claim on the merits if petitioner demonstrates that failure to

18  consider the merits of the claim will result in a "fundamental miscarriage of justice."  A

19  "fundamental miscarriage of justice" occurs when a constitutional violation has probably

20  resulted in the conviction of one who is actually innocent."  *Schlup v. Delo,* 513 U.S. 298

21  (1995).  The fundamental miscarriage of justice exception applies to a "narrow class of

22  cases" in which a petitioner makes an extraordinary showing that an innocent person was

23  probably convicted because of a constitutional violation.  *Schlup,* 513 U.S. at 231.

24  Petitioner has the burden of demonstrating that a "constitutional violation has resulted in the

25  conviction of one who is actually innocent."  *Id.* at 327.  To establish the `requisite

26  probability, Petitioner must prove with new reliable evidence that "it is more likely than not

27  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.*

28  at 324, 327.   New evidence presented in support of a fundamental miscarriage of justice

1  claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or

2  critical physical evidence that was not presented at trial." *Id.* at 324, *see also, House v. Bell*,

3  547 U.S. 518 (2006) (stating that a fundamental miscarriage of justice contention must

4  involve evidence that the trial jury did not have before it).

5        Petitioner has not offered any new evidence, or asserted that, in light of any

6  newly discovered evidence, "it is more likely than not that no reasonable juror would have

7  found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

8        Because Petitioner has not established any basis to excuse his procedural default,

9  Grounds Two and Three are barred from federal habeas corpus review.

10               **C.  Ground Four**

11        In Ground Four, Petitioner argues that the Arizona Court of Appeals found the

12  facts and grounds "cognizable" and referred to "the offenses as alleged offenses because

13  they had been predicated on illegal [wire]taps and render[ed] void his conviction and

14  sentence." (Doc. 1 at 9, 28)   Petitioner further alleges that the "Court of Appeals ordered

15  the Att[orne]y General to chall[en]ge these facts.  The [Attorney General's] Office refused

16  to [involve] itself with this: State agree[]d/co[n]ceded: prosecutor misconduct, vindictive

17  prosecution/malicious prosecution" and therefore the "State has precluded itself and waived

18  chall[en]ge to Petitioner (release)/facts." (Doc. 1 at 29)

19        As Respondents argue, Ground Four does not present a claim that is cognizable

20  on federal habeas corpus review.  Petitioner's argument in Ground Four refers to the

21  Arizona Court of Appeals' decision affirming the Pinal County Superior Court's denial of

22  his State petition for writ of habeas corpus.  (Doc. 1 at 32-36)  The appellate court affirmed

23  the Pinal County Superior Court's transfer of Petitioner's state petition for writ of habeas

24  corpus to the Maricopa County Superior Court, to be treated as a petition for post-conviction

25  relief pursuant to Ariz.R.Crim.P. 32.  (Doc. 1 at 32-35)   In its decision, the appellate court

26  stated:

27            Although [Petitioner] has attempted to characterize his claim as relating
          to the convicting court's jurisdiction, his claims only relate to the

28            regularity of the proceedings against him — the evidence used to indict

him, his competency at the time he entered his change of plea, and his ultimate claim that his convictions and sentences are void. Therefore, the trial court properly concluded his claims "relate[d] to the conduct in the court proceedings that le[d] to his incarceration" and that it was required, pursuant to Rule 32.3, to "transfer the matter to the Court in which the convictions occurred."

Because [Petitioner] has not established that he was entitled to habeas corpus relief *and only raised claims properly cognizable under Rule 32*, we affirm the trial court's denial of relief and subsequent transfer of [Petitioner's] petition to the Maricopa County Superior Court.

(Doc. 1 at 34-35) (emphasis added). In the pending motion, Petitioner interprets the appellate court's use of the term "cognizable" to mean that his claims have merit. Petitioner argues that, because the Arizona Court of Appeals found his claims "cognizable," he is entitled to habeas corpus relief and Respondents are precluded from challenging his claims. Contrary to Petitioner's suggestion, in the context to the appellate court's decision, the word cognizable only meant that a motion for post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 was the proper vehicle for Petitioner's claims. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994) (stating that "[c]ognizable ordinarily means "[c]apable of being tried or examined before a designated tribunal; within [the] jurisdiction of [a] court or power given to [a] court to adjudicate [a] controversy.") (quoting *Black's Law Dictionary* 259 (6th ed. 1990)).

Moreover, Ground Four does not assert a federal claim. A state prisoner can obtain federal habeas relief only if he is in custody in violation of the Constitution or the laws and treaties of the United States. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Federal habeas relief does not lie for alleged violations of state law or procedure or for alleged error in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). Because Ground Four does not present a federal claim, it is not cognizable on federal habeas corpus review.

**D. Ground Five**

In Ground Five, Petitioner argues that counsel was ineffective and that ineffective assistance resulted in Petitioner entering into an "involuntary/unintelligent plea

- 17 -

1  of guilty" because the "conviction was based on illegally obtained evidence." (Doc. 1 at 17)

2  Petitioner presented this claim in his petition for post-conviction relief, and in his petition

3  for review in the Arizona Court of Appeals.  Accordingly, as Respondents concede, this

4  claim is properly before the Court on federal habeas corpus review.

5      The post-conviction court denied relief on this claim finding that Petitioner's

6  "ineffective assistance of counsel claim stems from his trial counsel's losing a wiretap

7  suppression motion.  Such a claim meets neither prong of *Strickland*." (Respondents' Exh. J

8  at 3)  The Arizona Court of Appeals also found that Petitioner was not entitled to relief on

9  this claim, summarily denying review of the trial court's dismissal of the petition for post-

10 conviction relief.  (Respondents' Exh. N)

11     As set forth below, Petitioner has not shown that the state court's rejection of his

12 claim of ineffective assistance of counsel was contrary to, or an unreasonable application of,

13 clearly established federal law, or that the decision was based on an unreasonable

14 determination of the facts.  28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to

15 habeas corpus relief on this claim.

16     **1. Background Relevant to Ground Five**

17     On February 17, 2007, defense counsel Christopher Winchell filed a "Motion to

18 Suppress Wiretaps/Request for Hearing," arguing that: (1) the State's applications for the

19 wiretap were based on stale information; (2) the State had not satisfied the necessity

20 requirement; and (3) the State lacked probable cause for the issuance of the wiretaps.

21 (Respondents' Exh. O)  The State responded in opposition to the motion.  (Respondents'

22 Exh. P)  Defense counsel subsequently moved to amend the motion to suppress to "include

23 additional information pertaining to false statements made in the wiretap affidavits" by the

24 detectives involved in the investigation.  (Respondents' Exhs. P, Q)  On April 6, 2007,

25 defense counsel filed a second motion to amend the motion to suppress.  (Respondents' Exh.

26 R)  The State moved to strike the amended motions to suppress.  (Respondents' Exhs. S, T)

27     On April 7, 2007, the court granted Petitioner's motion to amend and heard

28 argument on the suppression issue.  The court ultimately denied Petitioner's motion to

1   suppress the wiretap evidence.  (Respondents' Exh. U)   On November 9, 2007, Petitioner

2   pled guilty to two counts of Conspiracy to Illegally Control an Enterprise, a class 2 felony

3   with one prior felony conviction (Counts 3, 4); one count of Unlawful Use of a Wire or

4   Electronic Communication, a class 4 felony with one prior felony conviction (Count 67);

5   one count of Conspiracy to commit burglary, a class 3 felony with one prior felony

6   conviction (Count 81); one count of Kidnapping, a class 2 felony (Count 12); one count of

7   Illegal Control of an Enterprise, a class 3 felony (Count 2); one count of Attempted Child

8   Prostitution, a class 3 felony (Count 35); and one count of Pandering, a class 5 felony (Count

9   75).  (Respondents' Exh. D)  Petitioner was sentenced to an aggregate prison sentence of 16

10  years, to be followed by a probationary term of five years to begin upon his physical release

11  from the Department of Corrections.  (Respondents' Exh. F)

12          At the commencement of the change of plea proceedings, the trial court noted

13  that Petitioner had been through a Rule 11 competency evaluation and asked Petitioner if he

14  was currently taking any medication.  (Respondents' Exh. Y.)  Petitioner responded that he

15  was taking medication given to him by Correction Health Services which did not impair his

16  understanding of the current proceeding. (Respondents' Exh. Y at 4)  Petitioner affirmed

17  that he had read the plea agreement, discussed it with counsel, and understood the

18  agreement.  (*Id.* at 4-5)  Petitioner further stated that counsel had sufficiently answered all of

19  his questions about the plea agreement.  (*Id.*)  Petitioner also avowed that he had not been

20  threatened or pressured into signing the agreement.  (*Id.*)  Finally, Petitioner stated that he

21  was satisfied with defense counsel's "assistance and advice." (Respondents' Exh. Y at 6)

22          The court next discussed the charges to which Petitioner was pleading guilty, the

23  rights he was foregoing by entering a plea, the sentencing provisions in the plea agreement,

24  and the fact that Petitioner was agreeing that the trial court would make any determination

25  regarding aggravating factors. (Respondents' Exh. Y at 6-14)   Thereafter, Petitioner

26  "knowingly, voluntarily, and intelligently" entered his guilty plea. (Respondents' Exh. Y at

27  22)

28

1        At sentencing, the court imposed an aggravated sentence based on the following

2   aggravating factors: (1) Petitioner had five prior felony convictions; (2) Petitioner has

3   previously been imprisoned four times; (3) Petitioner conducted his business for pecuniary

4   gain; (4) many of the victims Petitioner recruited for his business were juveniles; and (5)

5   Petitioner's conduct constituted "preying on young girls and [having] used on a regular basis

6   violence and intimidation towards these people to not only run [his] business, but to . . .

7   avoid prosecution."  (Respondents' Exh. X at 39-40)

8        **2.  Standard of Review**

9        Federal habeas relief may not be granted for any claim adjudicated on the merits

10  in state court, unless it is shown that the earlier state court's decision "was contrary to"

11  federal law then clearly established in the holdings of the United States Supreme Court, §

12  2254(d)(1); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or

13  that it "was based on an unreasonable determination of the facts" in light of the record

14  before the state court, § 2254(d)(2). *Harrington v. Richter*, ___ U.S.___, 131 S.Ct. 770, 785

15  (2011); *see also Mancebo v. Adams*, 435 F.3d 977, 978 (9th Cir. 2006).  At issue in this case,

16  is § 2254(d)(1) which permits "relitigation where the earlier state decision resulted from an

17  'unreasonable application of' clearly established federal law."  28 U.S.C. § 2254(d)(1).  To

18  determine whether a state court ruling involved an "unreasonable application" of federal

19  law, courts look exclusively to the holdings of the Supreme Court which existed at the time

20  of the state court's decision.  *Richter*, ___U.S.___, 131 S.Ct. at 786 (citing *Renico v. Lett*,

21  559 U.S. ___, (2010) (slip. op. at 11-12)).

22        In Ground Five, Petitioner asserts a claim of ineffective assistance of counsel.

23  The decision whether to accept a plea offer is a critical stage of the prosecution at which the

24  Sixth Amendment right to counsel attaches. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir.

25  2002).  Therefore, the two-part test of *Strickland v. Washington*, 466 U.S. 668, 686 (1984)

26  applies to a claim that counsel was ineffective in advising a defendant to accept or reject a

27  plea offer. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Nunes v. Mueller*, 350 F.3d

28  1045, 1051-53 (9th Cir. 2003) (rejecting attempt to limit *Hill* to acceptance of plea offer).

First, petitioner must establish that counsel's advice was deficient, meaning it was not "'within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  There is a "strong presumption" that counsel's representation is within the "wide range" of reasonable professional assistance.  *Strickland*, 466 U.S. at 689; *see also Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).  "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms', not whether it deviated from best practices or most common custom." *Richter*, 131 S.Ct. at 786 (quoting *Strickland*, 466 U.S. at 690).   In advising a defendant, "[c]ounsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision." *Turner*, 281 F.3d at 881 (counsel who advised defendant to reject offer of 15-years-to-life was not deficient where evidence showed that petitioner informed of potential death penalty at trial, and counsel had allowed petitioner to think about offer overnight); *see also Nunes*, 350 F.3d at 1053-54 (failure to accurately convey terms of plea offer).

To establish prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*,___ U.S. ___, 131 S.Ct. 733, 743 (2011) (quoting *Hill*, 474 U.S. at 59).  "'Surmounting *Strickland's* high bar is never . . .  easy.'" *Richter*, 131 S.Ct. 770, 786 (quoting *Padilla v. Kentucky*, __ U.S.___, 130 S.Ct. 1473, 1485 (2010)).  Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult, because both standards are "highly deferential," and because *Strickland's* general standard has a substantial range of reasonable applications.  *Richter*, 131 S.Ct. at 788 (citations omitted).  The issue under § 2254(d) is not whether counsel's actions were reasonable, but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 131 S.Ct. at 788 (citing *Strickland*, 466 U.S. at 689).

### 3. Analysis

In Ground Five, Petitioner argues that defense counsel was ineffective and that his ineffective assistance resulted in Petitioner entering an "involuntary/unintelligent plea of guilty." (Doc. 1 at 30; Doc. 7 at 2)   Petitioner contends that he was "damaged" by counsel's advice that he enter the plea agreement because the court never had jurisdiction due to the illegal electronic surveillance. (Doc. 7 at 2)   Petitioner's claim of ineffective assistance is premised on his allegation that the wiretaps obtained by law enforcement were illegal, and consequently, all proceedings resulting from the grand jury indictment were "void" due to "lack of jurisdiction." (Doc. 1 at 12, 30; Doc. 7 at 2)

The record reflects that counsel fully challenged the wiretap evidence.  Counsel filed an initial motion to suppress the wiretaps, and later filed two amended motions to supplement the initial motion. (Respondents' Exhs. O, Q, T)   The trial court granted the amendments and considered those arguments, and oral argument, before ruling on the motion to suppress.  (Respondents' Exh. U)

Petitioner has not provided any facts or information to support his assertion that the wiretaps were illegal or that counsel should have taken further action to challenge the wiretap evidence.  Thus, his claim of ineffective assistance based on the wiretap evidence fails.  *See Felman v. Morrison*, 477 U.S. 365, 375 (1986) (stating that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must [first] prove that his Fourth Amendment claim is meritorious . . . ."); *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1170 (9th Cir. 2003) (stating that to prevail on a Sixth Amendment ineffective assistance of counsel claim based on defense counsel's failure to litigate a Fourth Amendment issue, petitioner "must first show that a motion to suppress . . . would have been meritorious if brought in the first instance by trial counsel.").

Here, counsel challenged the wiretap evidence and moved to suppress that evidence. The trial court's denial of that motion does not render counsel's assistance deficient.

1  Petitioner has not shown that the State court's rejection of his claim of ineffective assistance

2  of counsel was based on an unreasonable application of *Strickland*.

3  **III.  Conclusion**

4         Based on the foregoing, the Petition should be denied and dismissed because

5  Petitioner's claims are either procedurally barred from federal habeas corpus review, are not

6  cognizable on habeas corpus review, or lack merit.  After filing his Petition, Petitioner filed

7  numerous related motions which, although identified as seeking default judgment, summary

8  judgment, or similar relief, assert the variations on the claims asserted in the Petition for

9  Writ of Habeas Corpus and, largely challenge the wiretap evidence.  (Docs. 33, 34, 35, 37,

10  38, 39, 41)  Contrary to Petitioner's assertion, Respondents' Answer was timely filed and

11  there is no basis for entering default against Respondents.  Additionally, in view of the

12  recommendation that the Petition should be denied, Petitioner's various motions seeking

13  summary judgment, which raise essentially the same issues asserted in the Petition, should

14  be denied as moot.

15         Accordingly,

16         **IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus, docs.

17  1 and 7, be **DENIED.**

18         **IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Default

19  Judgment, doc. 33, be **DENIED**.

20         **IT IS FURTHER RECOMMENDED** that Petitioner's Notice to the Court, doc. 34;

21  Motion for Summary Judgment, doc. 35; Amended Motion for Summary Judgment, doc. 37;

22  Second Notice Motion, doc. 38; Second Amended Motion for Summary Judgment, doc. 39;

23  and Legend Emergency Motion, doc. 41, be **DENIED** at moot.

24         **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

25  to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

26  justified by a plain procedural bar and jurists of reason would not find the procedural ruling

27  debatable and because Petitioner has not made a substantial showing of the denial of a

28  constitutional right.

1         This recommendation is not an order that is immediately appealable to the Ninth

2    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3    Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

4    parties shall have (14) fourteen days from the date of service of a copy of this

5    recommendation within which to file specific written objections with the Court.  *See,* 28

6    U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure.  Thereafter, the parties

7    have (14) fourteen days within which to file a response to the objections.  Failure timely to

8    file objections to the Magistrate Judge's Report and Recommendation may result in the

9    acceptance of the Report and Recommendation by the District Court without further review.

10   *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to

11   file objections to any factual determinations of the Magistrate Judge may be considered a

12   waiver of a party's right to appellate review of the findings of fact in an order or judgment

13   entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of

14   Civil Procedure.

15        DATED this 4th day of April, 2011.

16

17                                               _Lawrence O. Anderson_

18                                          Lawrence O. Anderson
                                     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28