WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Isiah Romont Hill, | ) | No. CV-10-1339-PHX-PGR (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| William White, et al. | ) | |
| Respondents. | ) | |

This matter is before the Court on Petitioner's Petition for Disqualification or Recusal. (Doc. 44) After consideration of this matter, the motion for disqualification or recusal will be denied.

**I. Background**

On June 25, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, an application to proceed *in forma pauperis*, and a request to expedite his case. (Docs. 1, 3, 4) On July 29, 2010, Petitioner filed a Motion to Amend to add Ground Five. (Doc. 8) On September 1, 2010, the Court granted Petitioner *in forma pauperis* status and granted his motion to expedite his case to the extent that the State was required to answer the Petition within forty days. (Doc. 9) The Court also granted Petitioner leave to amend to add Ground Five to his Petition. (*Id.*) Between September 7 and 22, 2010, Petitioner filed a Motion for Release Order, Amended Motion for Release Order, Motion for Special Action, Motion for Summary Judgment, and a Motion to Expedite Motion for Summary Judgment. (Docs. 12, 14, 15, 16, and 17) On September 24, 2010, the Court

denied these motions, without prejudice, noting that they raised the same issues as his Petition for Writ of Habeas Corpus and advising Petitioner that it would consider the Petition after it was fully briefed. (Doc. 18)

On October 13, 2010, Respondents moved for an extension of time to file an Answer. (Doc. 21)  On October 19, 2010, the undersigned granted the motion and extended the deadline for Respondents to file an Answer to November 24, 2010. (Doc. 25)

Petitioner, in the meantime, filed several more motions: Motion for Summary Judgment, Motion for Dismissal/Expedited release, Motion to Expedite, and Motion for Default Judgment. (Docs. 21, 22, 23, 24)  On October 25, 2010, the undersigned recommended that the motions be denied on the grounds that Respondents were not in default, noting that motions practice is not favored in habeas corpus proceedings. (Doc. 27)  The Report and Recommendation was adopted on November 3, 2010. (Doc. 29)

On November 24, 2010, Respondents filed an Answer to the Petition for Writ of Habeas Corpus. (Doc. 30)  Petitioner filed a Reply on November 30, 2010. (Doc. 32)  Despite having been advised that a motions practice is not favored in habeas corpus proceedings, between November 30, 2010 and March 1, 2011, Petitioner filed an additional ten motions. (Docs. 33-40, and 42)  On February 23, 2011, the undersigned granted Petitioner's Motion for Status, doc. 40, advising him that a ruling on the Petition for Writ of Habeas Corpus would be issued as the Court's calendar allowed. (Doc. 41)  On March 30, 2011, the Court denied Petitioner's Motion to Strike/Suppress State's Answer and Motion to Deny State's Answer. (See Docs. 31, 36, 43)

On March 30, 2011, Petitioner filed yet another motion, the pending Motion for Disqualification/Recusal. (Doc. 44)  Petitioner asserts that the undersigned's failure to rule on his unopposed motions for "summary judgment/default/suppress" in a "timely fashion" indicates judicial bias against him.[1]  On April 4, 2011, the undersigned issued a Report and

---

[1] Although Petitioner does not specifically identify the motions at issue, he appears to refer to Doc. 33 - Motion for Default Judgment; Docs. 35, 37, 39 - Motion for Summary Judgment and Amended Motions for Summary Judgment; and Doc. 31 - Motion to Suppress State's

Recommendation, recommending that the Petition for Writ of Habeas Corpus and the remaining motions be denied. Thus, as of the date this Order is filed, there are no pending motions in this case. As discussed below, Petitioner's motion for recusal/disqualification will be denied.

**II. Analysis**

A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify a federal judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. *See* 28 U.S.C. § 144.[2] A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.; United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

---

Answer. These motions were filed between November 30, 2010 and December 14, 2010.

[2] Title 28 U.S.C. § 144 reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, *and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.* A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added).

On the other hand, § 455 provides broader grounds for disqualification and is self-enforcing on the part of the judge. In particular, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a). The test for personal bias or prejudice is the same under §§ 144 and 455. *Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). Consequently, recusal will be justified either by actual bias or the appearance of bias. *Id*. In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 541; *Pesnell*, 543 F.3d at 1044. Judicial rulings will support a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (stating that the alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal).

As an initial matter, the undersigned finds that Petitioner's affidavit does not comply with 28 U.S.C. § 144. *See Grimes v. U. S*., 396 F.2d 331 (9th Cir. 1968). Section 144 provides:

> Whenever a party to any proceeding in a district court makes and *files a timely* and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144 (emphasis added). "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source*." *Sibla*, 624 F.2d at 868. (emphasis added). Section 144 "must be given the utmost of strict construction to safeguard the judiciary from frivolous attacks upon its dignity and integrity . . . and to prevent abuse and to insure orderly functioning of the judicial system . . . ." *Rademacher v. City of Phoenix*, 442 F.Supp. 27, 29 (D.Ariz. 1977) (internal citations omitted). Petitioner's Affidavit merely states that:

> Petitioner submits this as truth/fact to the best of his ability/knowledge and without bias[.] [I]t seems that Hill's interests for life, limb, liberty is of no importance. State's motion requesting [an extension] to answer Petitioner's Petition was granted in less than a week. Than was suppressed was the answer (sic).

(Doc. 44 at 2) Petitioner does not present any facts indicating that the undersigned exhibited bias or prejudice toward Petitioner stemming from any extrajudicial source. Rather, when read in conjunction with Petitioner's Motion, Petitioner suggests that because the Court ruled on Respondents' motion for extension of time in less than a week, but took longer to rule on Petitioner's motions for summary judgment, default judgment, and to suppress Respondents' answer, the undersigned is biased against Petitioner. Petitioner's arguments are based solely on the length of time, approximately four months, taken to issue rulings on several motions in this case. Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."*Liteky*, 510 U.S. 540 at 541.

Here, Respondents' motion for extension of time was a simple request which did not concern any substantive issues. On the other hand, Petitioner's motions raised many of the same issues asserted in his Petition for Writ of Habeas Corpus and, therefore, were appropriately considered in conjunction with the Petition itself. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (noting that federal courts do not favor the use of default judgment to grant habeas relief without reaching the merits of the claims). Thus, the mere

- 5 -

1 difference in the length of time in issuing rulings on those motions and on Respondents'
2 motion for extension of time does not indicate bias or impartiality against Petitioner, much
3 less "deep-seated favoritism or antagonism." *Id*.  The undersigned recently issued a Report
4 and Recommendation addressing the merits of Petitioner's Petition for Writ of Habeas
5 Corpus, recommending that the Petition be denied, and that Petitioner's pending motions be
6 denied as moot.  Because Petitioner's various motions concerned issues which were also
7 raised in the Petition for Writ of Habeas Corpus, the undersigned addressed the motions and
8 the Petition simultaneously to conserve judicial resources and because doing so was
9 appropriate in view of the nature of habeas corpus proceedings.  Because of the peculiar and
10 unique nature of habeas proceedings, as a general rule, summary judgment motions under
11 Rule 56 are not particularly appropriate. *See Cardenas v. Adler*, 2010 WL 1727923, * 3
12 (E.D.Cal., April 27, 2010) (citing *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989)
13 (modern habeas corpus procedure has the same function as an ordinary appeal); *O'Neal v.*
14 *McAnnich*, 513 U.S. 440, 442 (1995) (federal court's function in habeas corpus proceedings
15 is to "review errors in state criminal trials.") (emphasis omitted)).  Additionally, motions for
16 summary judgment are unnecessary because petitions may be decided immediately by the
17 Court following submission of the pleadings provided no material issues of fact exist.
18 *Cardenas*, 2010 WL 1727923, at * 3 (citing 1 *J. Liebman, Federal Habeas Corpus Practice*
19 *and Procedure*, § 17.3 (1988)).  Petitioner's complaint regarding the several months he
20 waited for the undersigned's rulings on his motions does not indicate that the undersigned
21 was biased or impartial.

22 In view of the foregoing, the undersigned finds Petitioner's motion and affidavit
23 insufficient to warrant forwarding this matter to another judge for further review pursuant to
24 28 U.S.C. § 144.  *See Sibla*, 624 F.2d at 867; 28 U.S.C. § 144. Likewise, the undersigned
25 finds no basis for recusal under § 455.  The undersigned cannot conclude that the grounds
26 advanced by Petitioner for disqualification, waiting several months for rulings on motions
27 pertaining to his habeas corpus petition, are such that would cause a reasonable person with
28 knowledge of all the relevant facts to question the impartiality of the undersigned magistrate

judge. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)).

**III. Summary**

In summary, Petitioner is displeased with the amount of time he had to wait for rulings on several motions in his case. The time taken in this case was reasonable and does not provide a basis for recusal or disqualification. *See Liteky*, 510 U.S. at 555 (stating that judicial rulings will support a motion for recusal only "in the rarest of circumstances."); *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994). The undersigned declines to recuse under 28 U.S.C. § 455, and finds Petitioner's motion and affidavit insufficient to warrant forwarding this matter to another judge for further review pursuant to 28 U.S.C. § 144. *See Sibla*, 624 F.2d at 867; 28 U.S.C. § 144.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Disqualification or Recusal, doc. 44, is **DENIED**.

DATED this 4th day of April, 2011.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge

judge. *See Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)).

**III. Summary**

In summary, Petitioner is displeased with the amount of time he had to wait for rulings on several motions in his case. The time taken in this case was reasonable and does not provide a basis for recusal or disqualification. *See Liteky*, 510 U.S. at 555 (stating that judicial rulings will support a motion for recusal only "in the rarest of circumstances."); *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir. 1994). The undersigned declines to recuse under 28 U.S.C. § 455, and finds Petitioner's motion and affidavit insufficient to warrant forwarding this matter to another judge for further review pursuant to 28 U.S.C. § 144. *See Sibla*, 624 F.2d at 867; 28 U.S.C. § 144.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Disqualification or Recusal, doc. 44, is **DENIED**.

DATED this 4th day of April, 2011.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge