**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Isiah Romont Hill,

          Petitioner,

   vs.

William White, et al.,

          Respondents.

No. CV-10-1339-PHX-PGR (LOA)

ORDER

Having reviewed *de novo* the [Second] Report and Recommendation of Magistrate Judge Anderson in light of the petitioner's Written Objections to Report/ Recommendation by Magistrate Judge Anderson (Doc. 51) and Objection to Magistrate[']s Report/Recommendation Not Granting Pre-Proceeding Motions (Doc. 52), the Court finds that the petitioner's objections should be overruled and that the Magistrate Judge correctly determined that the petitioner's Petition for Writ of Habeas Corpus, timely filed pursuant to 28 U.S.C. § 2254, as well as his pending motions, should all be denied.

First, the Court agrees with the Magistrate Judge that the petitioner's first ground for habeas relief, the gist of which is that his grand jury indictment and all subsequent state court proceedings are void due to being based on evidence

obtained through illegal electronic surveillance, is not cognizable as a matter of law on federal habeas review because the record establishes that the petitioner not only had a full and fair opportunity during his state court proceeding to litigate this Fourth Amendment-based claim, which is all that is required, but that he actually did litigate the issue through a motion to suppress the electronic surveillance evidence filed by his trial counsel and a suppression hearing held by the state court. *See* Stone v. Powell, 428 U.S. 465, 494 (1976) (United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996) (Court concluded that the relevant inquiry regarding the cognizability of a Fourth Amendment claim raised in a federal habeas proceeding "is whether petitioner had the opportunity to litigate his claim, not whether he in fact did so or even whether the claim was correctly decided.")

Second, the Court agrees with the Magistrate Judge that the merits of the petitioner's second ground, the gist of which is that he was illegally tried because he was mentally incompetent to stand trial notwithstanding an expert's report that he had been restored to mental competency prior to the trial, and of his third ground, the gist of which is that he was never properly advised of the constitutional rights he was giving up by pleading guilty, cannot be reached on federal habeas review because those claims were procedurally defaulted because the petitioner did not fairly present them to the state courts, and that his failure to do so cannot be excused because the petitioner has not established any

1   cause for the procedural defaults or any prejudice arising from the alleged

2   constitutional errors, or that a fundamental miscarriage of justice will result from

3   the Court not deciding these defaulted claims.

4         Third, the Court agrees with the Magistrate Judge that the petitioner's

5   fourth ground, the gist of which, to the extent that the Court can make any sense

6   of it, appears to be that the state is precluded from challenging the petitioner's

7   release from custody because the Arizona Court of Appeals found his claims of

8   illegal electronic surveillance to be "cognizable" and the state attorney general

9   failed to get involved in the petitioner's case to challenge his conviction

10   notwithstanding being told by the Arizona Court of Appeals to do so, does not

11   present a federal constitutional or statutory claim that is reviewable by this Court

12   through a petition for federal habeas relief.

13         Fourth, the Court agrees with the Magistrate Judge that the petitioner's fifth

14   ground, the gist of which is that the petitioner's counsel was ineffective as he lost

15   the wiretap suppression motion and that this ineffective assistance resulted in the

16   petitioner involuntarily pleading guilty and being convicted based on illegally

17   obtained evidence, must be denied on its merits because the state court's finding

18   that there was no ineffective assistance of counsel under the Strickland test was

19   neither contrary to, nor an unreasonable application of, clearly established federal

20   law as determined by the Supreme Court.

21         Also pending before the Court is the petitioner's appeal (Doc. 48) of

22   Magistrate Judge Anderson's order (Doc. 46) denying the petitioner's Motion

23   Request "Disqualification of Recusal" of Magistrate [pursuant to] 28 USC §§

24   144/155 (Doc. 44).  The Court finds that the petitioner's appeal should be denied

25   because the Magistrate Judge's decision denying the recusal motion was neither

26

clearly erroneous nor contrary to law.[1] 28 U.S.C. § 636(b)(1)(A).  The petitioner's motion is not predicated on any alleged bias or prejudice on Magistrate Judge Anderson's part stemming from any extrajudicial source; rather, it is based on the Magistrate Judge's performance while presiding over matters in this action, *i.e.* his alleged failure to rule on the plaintiff's motions and issue a Report and Recommendation as fast as the petitioner thinks he should have.  There is no basis for recusal because nothing in the petitioner's motion establishes that a reasonable person with knowledge of all the facts would conclude that the Magistrate Judge's impartiality might reasonably be questioned by his conduct in this action.

Also pending is the petitioner's appeal (Doc. 50) of the Magistrate Judge Anderson's order (Doc. 43) denying various motions filed by the petitioner related to the sufficiency of the state's answer to his habeas petition.  The Court finds that the appeal should be denied because the Magistrate Judge's decision to address the issues raised in the petitioner's motions through the Report and Recommendation, rather than directly resolving the merits of the motions themselves, was neither clearly erroneous nor contrary to law.

Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 45) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Motion for Default Judgement (Doc. 33), Notice Motion (Doc. 34), Motion for Summary Judgment

---

[1]

The Court notes that the recusal issue is also now moot because Magistrate Judge Anderson, having issued his Report and Recommendation, has no further duties to perform in this action

1   (Doc. 35), First Amended Motion for Summary Judgement (Doc. 37), Second

2   Notice Motion (Doc. 38), Second Amended Motion for Summary Judgement

3   (Doc. 39), Motion for Specific Action/Request to Expedite Proceeding (Doc. 49),

4   and Request [to] Expedite Release Order (Doc. 53) are all denied.[2]

5        IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C.

6   § 2254 for a Writ of Habeas Corpus by a Person in State Custody (as amended)

7   is denied and that this action is dismissed.

8        IT IS FURTHER ORDERED that no certificate of appealability shall issue

9   and that the petitioner shall not be allowed to appeal *in forma pauperis* because

10  the dismissal of the habeas petition is justified in part by a plain procedural bar

11  and jurists of reason would not find the procedural ruling debatable, and because

12  the petitioner has not made a substantial showing of the denial of a constitutional

13  right.

14       IT IS FURTHER ORDERED that the Clerk of the Court shall enter

15  judgment accordingly.

16       DATED this 2nd day of May, 2011.

17

18  _____

19  Paul G. Rosenblatt
    United States District Judge

20

21

22

23  _____

    [2]

24       The petitioner has also filed a Legend Emergency Motion Under Circuit
    Rule 27-3 [&] 27-12 (Doc. 42) which is captioned as being directed to the Ninth
25  Circuit Court of Appeals. To the extent that the motion is directed to this Court, it
    is denied.

26

- 5 -